UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY SUICO, et al.,

    Plaintiffs,

    v.

UNIVERSAL AMERICAN MORTGAGE CO. OF CALIFORNIA, et al.,

    Defendants.
_____/

No. C 10-4780 PJH

**ORDER GRANTING MOTION TO DISMISS AND FURTHER ORDER TO SHOW CAUSE**

        Defendants' motion to dismiss the complaint came on for hearing before this court on March 9, 2011. Plaintiffs Anthony Suico and Flordeliza Suico ("plaintiffs"), failed to appear. Defendants Deutsche Bank Trust Company Americas and Mortgage Electronic Registration Systems, Inc. (collectively "defendants"), appeared through their counsel, Jason M. Julian. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, in view of plaintiffs' non-opposition to the motion, and good cause appearing, the court hereby GRANTS defendants' motion to dismiss, for the reasons stated at the hearing, and summarized as follows.

        1.    Plaintiffs' declaratory relief claim fails to state a claim upon which relief can be granted. Plaintiffs' vague and overly broad allegations amount to no more than impermissible "threadbare recitals of the elements of a cause of action." See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009). Moreover, an action for declaratory relief requires the plaintiff to demonstrate the existence of an actual controversy regarding the legal rights of the parties. McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784, 800 (2008). As seen with respect to plaintiff's remaining deficient causes of action, however, there exists no

actual controversy regarding the legal rights of the parties. Accordingly, the declaratory relief claim is DISMISSED, with prejudice.

    2. Plaintiffs' claim for injunctive relief against defendants does not state an independent cause of action and is not properly brought before the court. Shamsian v. Atl. Richfield Co., 107 Cal. App. 4th 967, 984-85 (2003). Accordingly, the claim is DISMISSED with prejudice.

    3. Plaintiffs' claim alleging that defendants' deed of trust is voidable due to defendants' failure to comply with California Commercial Code § 9313, is deficient. See Complaint, ¶¶ 51-52. Section 9313, by its own terms, applies only to "tangible negotiable documents, goods, instruments, money, or tangible chattel paper...". Real property – such as plaintiffs' real property at issue here – is not specifically enumerated or covered therein. Accordingly, section 9313 is inapplicable, and plaintiffs' claim pursuant to this provision is DISMISSED with prejudice.

    4. Plaintiffs allege that defendants willfully breached their implied covenant of good faith and fair dealing with plaintiffs when defendants withheld numerous disclosures and notices regarding excessive fees and finance charges, in connection with the loan origination. See Complaint, ¶¶ 55-58. However, as defendants point out, the moving defendants here were not original lenders of the loan, nor did they take part in any of the loan origination. See Request for Judicial Notice ("RJN"), Exs. A-C. Nor do plaintiffs allege as much. Accordingly, since plaintiffs do not, and cannot, allege any conduct particular to defendants that could constitute any breach related to loan origination – as plaintiffs allege – this claim is be DISMISSED with prejudice as to moving defendants.

    5. Plaintiffs allege that defendants violated the Truth in Lending Act ("TILA") by failing to provide accurate disclosures under TILA in connection with the loan origination. See Complaint, ¶¶ 61-72. This claim, however, is time-barred. The transactions here occurred on March 20, 2007 – more than three years from the time plaintiffs filed the instant complaint. Thus, regardless whether plaintiffs are pursuing remedies in the form of

rescission or damages, this claim is DISMISSED with prejudice. See, e.g., 15 U.S.C. § 1640(e)(plaintiff's damage claims relating to improper disclosures under TILA are subject to a one-year statute of limitations); id. at § 1635(f); 12 C.F.R. § 226.23(a)(3)("[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor").

6. Plaintiffs allege that defendants violated the Real Estate Settlement Procedures Act ("RESPA") by failing to disclose certain "fee agreements" regarding the Yield Spread Premium ("YSP") that would be applied to plaintiffs, or otherwise disclose that the YSP would significantly affect plaintiffs' payment and financial situation. Complaint, ¶¶ 73-80. As defendants point out, however, the regulation of unlawful "fee agreements" under RESPA falls under 12 U.S.C. § 2607, which provides: "No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person...". And since the limitations period for an action alleging a violation under § 2607 is one year, see 12 U.S.C. § 2614, plaintiffs' claim is time-barred. Accordingly, the court hereby DISMISSES plaintiffs' RESPA claim with prejudice.

7. Plaintiffs assert a claim pursuant to Cal. Civil Code § 1918.5-1921.1920. As a preliminary matter, Civil Code § 1921.1920 does not exist. Interpreting plaintiffs' claim as arising under Civil Code §§ 1918.5-1921, however – which governs the terms and disclosures that must be set forth in connection with adjustable interest rates in mortgage loans – plaintiffs have failed to state a viable claim. As already noted, neither Deutsche Bank nor MERS participated in the making of the mortgage loans in question, nor do plaintiffs allege as much. Thus, the foregoing provisions of the Civil Code cannot apply to defendants, and the claim is accordingly DISMISSED with prejudice.

3

8. Plaintiffs' claim alleging violation of Cal. Civil Code § 2932.5 also fails to state a viable claim for relief. This provision states: "Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument." While not totally clear, plaintiffs appear to argue that MERS has acquired no beneficial interest in the underlying mortgage loan, and has no legal standing to foreclose, under the terms of the provision. However, plaintiffs have simultaneously alleged that MERS was "named" the "beneficiary" for the underlying loan, and as such, was vested with the power to foreclose on the property. See Complaint, ¶¶ 89-90. And for the reasons noted by defendant, since MERS is legally named the beneficiary and granted the power to foreclose on plaintiffs' property in connection with the underlying loan, plaintiffs' argument that MERS cannot institute foreclosure proceedings is meritless. See, e.g., Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1190 (N.D. Cal. 2009). Here, the foreclosure sale already occurred. Accordingly, defendants' motion to dismiss this claim should be DISMISSED with prejudice.

9. Plaintiffs' claim pursuant to Cal. Civil Code § 1916.7B is deficient. As an initial matter, there is no statutory provision codified at Civil Code § 1916.7B, and the claim must be dismissed on this basis alone. Even assuming, however, that plaintiffs intend to proceed pursuant to Civil Code § 1916.7, this provision covers adjustable rate mortgage loans and mandates certain requirements and terms in connection with the issuance therewith. This statutory provision therefore applies to claims relating to loan origination. Yet, as defendants have pointed out, they did not participate in loan origination, nor have plaintiffs alleged that they did. Accordingly, this claim is DISMISSED with prejudice.

10. To the extent plaintiffs allege that they are entitled to rescind the loan on grounds of TILA violations, RESPA, fraudulent concealment, and public policy, plaintiffs have failed to state a viable claim for relief. See Complaint, ¶ 98. As defendant notes, any

4

claim for rescission is time-barred under TILA.  See 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3)("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first."); see also RJN, Ex. G (foreclosure sale of property occurred on August 2, 2010).  Plaintiffs also cannot seek rescission as a remedy for fraud, because they have not stated a viable fraud claim (as detailed below).  Plaintiffs invoke no support, either, for any provision of RESPA that was violated and warrants rescission, and there is no "public policy" law cited by plaintiffs that would authorize a rescission claim.  Moreover, and as defendants further argue, plaintiffs have failed to allege a valid tender of any loan amount.  Thus, to the extent plaintiffs allege rescission as a means of challenging the foreclosure proceedings already past, the claim fails.  See Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996)(tender of the amount owed is a condition precedent to any claim of wrongful foreclosure or any claim challenging the regularity of a foreclosure procedure).  Accordingly, and for the foregoing reasons, plaintiffs' rescission claim is DISMISSED with prejudice.

       11.    Plaintiffs' fraud claim fails for two reasons.  First, the claim is time-barred.  Actions for fraud are subject to a three year statute of limitations.  See Cal. Code Civ. Proc. § 338(d).  Plaintiffs appear to allege that fraudulent misrepresentations were made in connection with the origination of the loan on March 20, 2007.  Complaint, ¶¶ 104, 106.  Since plaintiffs' complaint was not filed until October 22, 2010, however, the claim is untimely.  Second, plaintiff's claim fails to meet the heightened pleading standards set forth pursuant to Federal Rule of Civil Procedure 9(b).  Plaintiffs make all allegations against all "defendants" collectively, without specifically identifying individual misrepresentations, or otherwise alleging the "who, what, where, and when" surrounding such purported misrepresentations.  Thus, plaintiffs' fraud claim is DISMISSED.  The dismissal is with prejudice, in view of the time-barred nature of plaintiffs' claim.

12. Plaintiffs allege that defendants violated California Business & Professions Code § 17200 by failing to "undergo a diligent underwriting process" and by failing "to properly adjust and disclose facts and circumstances relating to plaintiffs' mortgage loan...". See Complaint, ¶ 110. As defendants have already noted, however, they were not the originating lender and did not participate in loan origination. Thus, defendants do not fall within the scope of plaintiffs' allegations. The claim is therefore DISMISSED, and because plaintiffs cannot allege that defendants had anything to do with the origination of the loan, the dismissal is with prejudice.

13. Plaintiffs allege that defendants breached their fiduciary duty by failing to advise or notify plaintiffs that they were likely to default on the loan. See Complaint, ¶ 114. This claim fails. To begin with, defendants were not the original lenders of the loan or involved in the loan origination. Moreover, however, even if they were, the relationship between a lending institution and its borrower-client is not fiduciary in nature. See Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476-478 (1989); Kruse v. Bank of America, 202 Cal. App. 3d 38, 67 (1988)("[a] commercial lender is entitled to pursue its own economic interests in a loan transaction"). Thus, no fiduciary relationship or duty has been, or can be, alleged. This claim is therefore DISMISSED, with prejudice.

14. Plaintiffs allege that defendants violated Commercial Code 2-3202. Plaintiffs appear to be relying on the Uniform Commercial Code. However, all of plaintiffs allegations are related to the "contract" or "clauses" in the contract – which contract appears to be the mortgage loan originated in March 2007. See Complaint, ¶¶ 119-121. Since defendants, once again, were not involved in any loan origination, and since plaintiffs cannot allege as much, this claim is accordingly DISMISSED with prejudice.

15. Plaintiffs allege that defendants are guilty of "predatory lending" in violation of Cal. Bus. & Prof. Code § 17200. As a general rule, there is no cause of action for predatory lending. Rather, if plaintiffs intend to allege a viable claim under § 17200, they must meet the elements required to establish that claim. Under section 17200, unfair

competition is defined as "any unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."  See Cal. Bus. & Prof. Code § 17200.  An act is "unlawful" under section 17200 if it violates an underlying state or federal statute or common law.  See Cal-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).  An act is "unfair" if the act "threatens an incipient violation of a [competition law], or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law."  Id. at 187.  A practice is "false or misleading" if "members of the public are likely to be deceived."  See Chern v. Bank of America, 15 Cal. 3d 866, 876 (1976).   Additionally, "[a] plaintiff alleging unfair business practices under the unfair competition statutes 'must state with reasonable particularity the facts supporting the statutory elements of the violation.'"  Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F. Supp. 1303, 1316 (N.D. Cal. 1997)(quoting Khoury v. Maly's of California, 14 Cal. App. 4th 612, 619 (1993)).

      Here, plaintiffs fail to state a viable claim under section 17200.  First, they do not allege any underlying violation of any statutory provision, such that the unlawful prong might be satisfied.  Second, they allege no conduct by defendants that would suggest the violation of a competition law, or the policy or spirit of one of those laws (and to the extent they reference problems with the loan, plaintiffs state only facts relating to loan origination and the disclosure requirements not applicable to defendants).  Finally, to the extent plaintiffs would rely on the "fraudulent" prong, they have not sufficiently alleged fraud, as discussed in connection with the fraud claim.  More importantly, however, plaintiffs' allegations with respect to their section 17200 claim are related to the origination of plaintiffs' loan – circumstances that do not allegedly involve either defendant here.  As such, defendants once again fail to fall within the scope of plaintiffs' allegations.

      This claim is therefore DISMISSED.  Since plaintiffs cannot allege defendants' conduct in origination proceedings, the dismissal is with prejudice.

      16.    Finally, plaintiffs' quiet title cause of action is also DISMISSED, for two

reasons.  First, to state an action for quiet title, plaintiffs must set forth the nature of their ownership interest in the property.  And since the foreclosure here has already taken place, plaintiffs cannot allege any current ownership interest in the property.  Plaintiffs even state that they are the "owner[s] and/or entitled to possession of the property," but only "until the date of sale that transferred physical possession of the deed of trust" to the subsequent purchaser.  See Complaint, ¶ 132.  Moreover, the facts in the accompanying request for judicial notice demonstrate that plaintiffs are no longer the owners, or in possession of the property.  Second, as defendants argue, plaintiffs have failed to allege tender of the amount owed.  Tender of the amount owed is a condition precedent to any claim of wrongful foreclosure or any claim challenging the regularity of a foreclosure procedure.  See Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996) (tender rule applies to any cause of action for irregularity in sales procedure).  The borrower must do more than simply state that he or she will pay the lender back; the borrower must actually be able to tender the amount owed.  Yamamoto v. Bank of New York, 329 F.3d, 1167, 1173 (9th Cir. 2003).  Here, plaintiffs' quiet title action is a challenge to the foreclosure procedure that took place.  Thus, failure to allege tender of the amount owed is fatal to their claim.  For the foregoing reasons, the dismissal of plaintiffs' quiet title claim is with prejudice.

In sum, plaintiffs' complaint against defendants is dismissed in its entirety.  The court furthermore EXPUNGES the Notice of Lis Pendens filed in this action by plaintiffs on October 22, 2010.

Finally, the court notes that plaintiffs in this action have failed to oppose the present motion, failed to appear at the hearing on this motion, and have otherwise failed to appear or participate in this action since the commencement of their suit in October 2010 and the filing of executed summonses in December 2010.  The court accordingly hereby issues an ORDER TO SHOW CAUSE why plaintiffs' remaining claims against the remaining defendants in this action should not be dismissed for failure to prosecute, pursuant to Rule

41(b) of the Federal Rules of Civil Procedure.  A hearing on this order to show cause is hereby scheduled for **May 12**, **2011**, at 2:00 p.m.  If plaintiffs fail to appear and show cause for their failure to appear and failure to prosecute this case, it will be dismissed for failure to prosecute.

**IT IS SO ORDERED.**

Dated: April 25, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge